IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GLOBAL FINANCIAL INVESTMENTS, LLC, an Arizona Limited Liability Company,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS E. SEWELL and JANE DOE SEWELL, husband and wife; *ET AL*,<br><br>　　　　　　　Defendants. | Case No. 2:04-cv-01465-JWS<br><br>**ORDER FROM CHAMBERS**<br><br>[Re: Motion at Docket 132] |

## I. MOTION PRESENTED

At docket 132 defendant Luis Alvarez ("Alvarez") has moved for reconsideration of the order entered on February 15, 2006, denying his motion to set aside his default (docket 130). At docket 139 Global Financial Investments, LLC ("Global") filed an opposition to the motion. The court has reviewed the moving papers and opposition and has determined that oral argument would not be of benefit to the court in deciding the issues. Global's request for oral argument is denied.

## II. STANDARD OF REVIEW

In its order denying the motion to vacate the default, the court found that Alvarez had failed to satisfy two of the three prongs necessary to obtain relief from the entry of a default: good cause and the existence of a meritorious defense. Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[1] However, as long as a district court retains jurisdiction over a case, it has inherent power to

---

[1] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

reconsider and modify an interlocutory order for sufficient cause.[2]  That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[3]

In his motion for reconsideration, Alvarez does not identify upon which of these grounds his motion is based.  The argument in support of the motion for reconsideration does not identify any intervening change in the law; nor does it argue that the prior decision was clearly erroneous.  Since Alvarez does not present any other ground, the court presumes that only the second ground, newly discovered evidence, is raised by the motion.  To succeed, Alvarez must show that (1) the evidence is newly discovered or was unknown until after the prior motion was submitted for decision *and* (2) that with reasonable diligence such evidence could not be discovered and produced prior to its submission.[4]  The newly discovered evidence must also be of sufficient probative value to change the disposition of the motion.[5]

### III.  DISCUSSION

As Global Financial aptly points out, a motion for reconsideration is not a vehicle to reargue an issue previously decided by the court when the motion merely advances new arguments or supporting facts that were available at the time of the original motion.[6]

---

[2] *City of Los Angeles, Harbor Division v. Santa Monica*, 254 F.3d 882, 885 (9th Cir.2001)

[3] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.1995).

[4] *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.2003); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir.1987)

[5] *Id.*

[6] *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE – CIVIL, § 2810.1 (2d ed. 1995).

In support of his motion for reconsideration, Alvarez has submitted a seven and one-half page affidavit.[7]  This new affidavit principally addresses what Alvarez contends constitutes his meritorious defense.  Alvarez essentially denies the allegations of the complaint.  In particular, Alvarez denies that he made any representations other than those contained in the purchase agreement and that, to the best of his knowledge, those representations were true.  He also alleges that the financial circumstances of the entities involved in the transaction were well known to all the parties, including Global, and further that Global is in default with respect to an obligation owed by Global to Whitehall.  With respect to the good cause prong, Alvarez provides starting a new business, unspecified personal issues at home, and the 60-mile distance between his new place of business and the mail box as the reasons he did not check his mail.  In addition, Alvarez claims that he asked two of his co-defendants—Carlos Trueba and Leslie Miller—to keep him abreast of any developments in the case.

Global's opposition attacks the defense as being "meritorious" and has submitted a voluminous quantity of documentation to refute the allegations in the affidavit submitted by Alvarez.  The court declines to try the merits of the case on a motion to set aside a default under Rule 55(c).  All the law requires of Alvarez is that he assert facts sufficient to demonstrate that a defense is assertable; whether the factual allegations are true is to be determined in later litigation.[8]

The first problem encountered is that Alvarez is obliged to show not only that this evidence was newly discovered or unknown to him until after his prior motion was submitted for decision, but also that he could not, with reasonable diligence, have discovered and produced such evidence prior to submission.[9]  Alvarez does not make any showing as to why the evidence supporting his expanded factual allegations was not available to him prior to the time the motion to set aside the default was submitted

---

[7] The affidavit filed in support of his motion to vacate default was two and one-half pages

[8] *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir.2001).

[9] *See Engelhard Industries, Inc. v. Research Instrumental, Corp.*, 324 F.2d 347, 352 (9th Cir.1963).

to the court for decision.  Indeed, the affidavit itself establishes that the facts attested to therein were known to Alvarez at the time his motion to set aside the default was filed; he simply did not believe it was necessary to include them.

The second problem is that the new allegations addressing the cause for his default would not have changed the outcome had they been presented initially.  The additional reasons given—starting a new business, unspecified personal issues at home, and the 60-mile distance between his new place of business and the mail box,— were all circumstances well within his control.  That he requested Trueba and Miller to keep him abreast of developments is also insufficient as he has failed to allege facts that would establish that he justifiably relied on them.  This is not a case of a employee relying on an employer or one partner relying on another.  There is no evidence of the relationship between Alvarez and either Trueba or Miller, other than the fact that they all served on the same board of directors, to render such reliance justifiable.  Moreover, Alvarez does not explain why either Trueba or Miller were to assume that Alvarez was not receiving his mail.  Any justification for reliance is further weakened by the fact that Alvarez knew that the address used by Miller was the business address of Alvarez that he (Alvarez) was not himself checking.  In short, Alvarez has simply failed to provide any justification for his failure to do anything at all to determine the status of the case for a period of in excess of six months.

### IV.  CONCLUSION

For the foregoing reasons the motion at docket 132 is **DENIED**.

DATED at Anchorage, Alaska, this 19th day of May, 2006

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE